THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-
    ENTS, v. CHARLES E. POUCHER, JR., APPELLANT.

*Indictment — amendments of, as to the kind of articles stolen — when not allowed —
Code of Criminal Procedure, sec. 293.*

Section 293 of the Code of Criminal Procedure authorizing the court upon the trial
    to amend an indictment where a variance, between the allegation therein and
    the proof, in respect to time, or in the name or description of any place, person
    or thing, shall appear, if the defendant cannot be thereby prejudiced in his
    defense on the merits, does not authorize the court to amend an indictment for
    grand larceny, charging the taking of a ring of the value of eight dollars, and
    certain gold and silver coin of the value of eighty dollars, by substituting for
    the allegation as to the taking of the gold and silver coin, others charging the
    taking of "bank bills," lawful money of the United States, of a kind, number
    and denomination unknown, and upon banks unknown, of the value of forty-
    five dollars, a more particular description of which cannot be given.

APPEAL from a judgment of the Court of Sessions of Onondaga
county, convicting the defendant of the crime of grand larceny in
the second degree.

The appellant was convicted of grand larceny, in the Onondaga
County Court of Sessions, and sentenced to the State prison.

The indictment charges that by means of a draft for fifty-three
dollars and twenty-five cents, drawn by the defendant upon H. M.
Whitney, he obtained from Joseph Seymour and others, " one ring
of the value of eight dollars, two gold coins of the kind usually
known as eagles, of the value of ten dollars each, two gold coins
of the kind usually known as half eagles, of the value of five dollars
each, fifty silver coins of the kind usually known as dollars, of
the value of one dollar each, of the proper money's, valuable
things, goods, chattels, personal property and effects of the said
Joseph Seymour,  *  *  and  *  *  did designedly receive and
obtain the said ring of the value of eight dollars, two gold coins
usually known as eagles, two gold coins usually known as half
eagles, fifty silver coins usually known as dollars, of the value
aforesaid, of the said Joseph Seymour,  *  *  by means of false
pretenses, and representations aforesaid and with intent, feloniously
to cheat and defraud the said Joseph Seymour  *  *  of said
ring, coins, and money aforesaid of the value aforesaid."

By the proof it appeared that the appellant obtained the ring described in the indictment, but did not obtain any of the other property described in the indictment, but did obtain forty-five dollars in currency, and twenty-five cents in coin or change.

Upon the trial the court granted an order directing, "that said indictment in this action be amended by substituting therein in the place and stead of the words fifty silver coins of the kind usually known as dollars of the value of one dollar each, and in the place and stead of the property described in, and set forth as dollars and silver coins in said indictment, wherever the same occur therein, the words following, to wit : bank bills, lawful money of the United States, of a kind, number and denomination, unknown, and upon banks unknown, of the value of forty-five dollars, a more particular description of which cannot be given."

An exception was taken by the defendant when the amendment was ordered. The indictment was not changed in fact. The District Attorney refused to allow the indictment to be changed, and it never was changed, he claiming that the order operated as an amendment.

*John H. Drake* and *Fuller & Kellogg*, for the appellant.

*H. Hoyt*, district attorney, for The People.

HARDIN, J. :

Inasmuch as the jury found a verdict of guilty the prisoner was convicted of grand larceny, and sentenced for such offense ; as for the offense of grand larceny in the second degree, section 534 of the Penal Code. Therefore, it is important to inquire whether the conviction of the defendant of grand larceny, in the second degree, was regular and in accordance with law.

The indictment charged the defendant with obtaining one ring of the value of eight dollars, and certain coins. There was proof that he obtained the ring, under such circumstances as to bring the case within the provision of section 528 of the Penal Code. There was no proof of obtaining the coin named and described in the indictment, or of any other coin which would amount to more than eight dollars and twenty-five cents. There was, therefore, no proof of obtaining the things named in the indictment, of a value beyond eight dollars and twenty-five cents, and hence the proof

sustained the indictment only to the extent named, and that valuation would carry the degree of the defendant's crime within the definition of petit larceny.

But the respondents were allowed to substitute for the coin named another thing. They did not ask to make an amendment to the indictment which would change the description of the thing named? The name of the thing described in a general sense was coin; in a specific sense, eagle, half eagles, silver dollars. No proof was furnished that the name of the thing described was erroneous or imperfect.

But it turned out in proof that the defendant did not obtain the things named, and that he did obtain currency, an entirely different thing. Section 293 of the Code of Criminal Procedure, has lodged with the court a new power in respect to indictments, and authorized their amendment in certain cases where there is a " variance between the allegation therein and the proof in respect to time, or in the *name or description* of any place, person or thing." If there had been an erroneous description of the coins named in the indictment, doubtless the description might have been amended and been made to conform to the proof.

But we do not see how one thing named, to wit, coin, can be stricken out and another thing, to wit, currency, be substituted in place of the thing stricken out, under the guise of amending the description of the thing named.

In short, we are of the opinion that the section does not authorize an amendment of an indictment which charges the larceny of coin enumerated, by inserting an allegation of currency or of " bank bills, lawful money of the United States, of a kind, number and denomination unknown, and upon a bank unknown."

Therefore we say the amendment was not warranted by section 293 of the Criminal Code, and its allowance was error, prejudicial to the defendant. If the amendment had not been allowed, the grade of the offense would have been that of petit larceny; with the amendment allowed, the general verdict established an offense of the grade of grand larceny in the second degree.

Numerous other exceptions were taken in the course of the trial, which need not be examined, as we are of the opinion that a new trial should be granted for the error we have pointed out.

Judgment and conviction, and order amending the indictment, and the order denying a new trial reversed, and proceedings remitted to the Court of Sessions of Onondaga county, with directions for a new trial.

Smith, P. J., and Barker, J., concurred.

Judgment, conviction, order allowing amendment and new trial ordered in the Court of Sessions of Onondaga county, and order denying new trial reversed.